UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO ELIZONDO,

                        Petitioner,

                                                Case No. 12-15443

v.

                                                HON. AVERN COHN

CATHERINE S. BAUMAN,

                        Respondent.
_____/

**ORDER**
**GRANTING PETITIONER'S APPLICATION TO PROCEED**
**WITHOUT PREPAYMENT OF FEES AND COSTS (Doc. 18),**
**AND**
**DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 19)**

**I. Introduction**

This is a closed habeas corpus case under 28 U.S.C. § 2254.  Petitioner Mario

Elizondo ("Petitioner") was convicted of first-degree and second-degree criminal sexual

conduct and is serving concurrent prison terms of twenty-five to fifty years and one to

fifteen years, respectively.  In his habeas corpus petition filed through counsel,

Petitioner alleged that other "bad acts" evidence was erroneously admitted at his trial

without notice, that the prosecutor's remarks deprived him of a fair trial, and that the trial

judge pierced the veil of judicial impartiality by assuming the role of a prosecutor.  On

July 13, 2015, the Court denied the habeas petition, but granted in part a certificate of

appealability on Petitioner's judicial-bias claim.  (Doc. 13).

Petitioner has appealed the Court's dispositive opinion and judgment.  (Doc. 16).

Now before this Court are:  Petitioner's application to proceed without prepaying fees or

costs and Petitioner's motion for reconsideration of the order denying his petition and granting in part a certificate of appealability.[1]  Each motion is addressed in turn below.

## II.  Application to Proceed Without Prepayment of Fees or Costs

In his application to proceed without prepaying fees or costs, Petitioner says that he has no funds to pay for his appeal.[2]  Furthermore, the custodian of Petitioner's institutional trust fund account has certified that Petitioner had a current spendable account balance of $376.37 in his account as of August 27, 2015.  Petitioner is indigent and is unable to pay the appellate filing fee of $505.00.

Accordingly, Petitioner's application to proceed without prepayment fees or costs is **GRANTED**.

## III.  Motion for Reconsideration

Petitioner seeks to have the Court reconsider its decision denying the writ of habeas corpus.  The basis for Petitioner's motion is a recent court decision in which the Michigan Supreme Court set forth the following standard "for determining when a trial judge's conduct in front of a jury has deprived a party of a fair and impartial trial, and whether that standard was met":

> A trial judge's conduct deprives a party of a fair trial if the conduct pierces the veil of judicial impartiality.  A judge's conduct pierces this veil and violates the constitutional guarantee of a fair trial when, considering the totality of the circumstances, it is reasonably likely that the judge's conduct improperly influenced the jury by creating the appearance of advocacy or partiality against a party.  In evaluating the totality of the circumstances, the reviewing court should inquire into a variety of factors including, but not limited to, the nature of the trial judge's conduct, the tone and

---

[1] Also before the Court is Petitioner's motion to designate his habeas attorney as appointed counsel on appeal or to allow defense counsel to withdraw from the case (Doc. 15).  This motion will be the subject of a separate order.

[2] Although the title of the document is "Application to Proceed in District Court without Prepaying Fees or Costs," Petitioner is seeking leave to proceed without prepayment of the appellate fees and costs and the Court construes the filing as a motion.

> demeanor of the judge, the scope of the judicial conduct in the context of the length and complexity of the trial and issues therein, the extent to which the judge's conduct was directed at one side more than the other, and the presence of any curative instructions, either at the time of an inappropriate occurrence or at the end of trial.  When the issue is preserved and a reviewing court determines that the trial judge's conduct pierced the veil of judicial impartiality, the court may not apply harmless-error review.  Rather, the judgment must be reversed and the case remanded for a new trial.

People v. Stevens, 498 Mich. 162, __; __ N.W.2d __, 2015 WL 4486762, at *1 (July 23, 2015).

The Local Rules require motions for reconsideration to be filed within fourteen days of the entry of the judgment or order.  LR 7.1(h)(1) (July 1, 2013).  Furthermore, the court generally

> will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3).

On July 13, 2015, the Court entered its dispositive Memorandum and Opinion, and on September 2, 2015, Petitioner filed his motion for reconsideration.  Because the motion was filed more than ten days after the Court issued its Memorandum and Order, the motion is untimely.

Moreover, Petitioner is raising the same judicial-bias claim that he raised in his habeas corpus petition.  This Court is not bound by the Michigan Supreme Court's decision in Stevens, and Petitioner has not demonstrated a palpable defect in the Court's prior opinion in this case.

Accordingly, Petitioner's motion for reconsideration is **DENIED**.

**SO ORDERED**.

s/Avern Cohn
 AVERN COHN

Dated:  October 1, 2015              UNITED STATES DISTRICT JUDGE